EUGENE E. HINKLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103224.   Promulgated September 11, 1942.

*Davis Haskin, Esq.,* for the respondent.

## OPINION.

ARUNDELL: Respondent's denial of the sought deduction of $163,000 in our opinion was correct. The money was expended to secure petitioner's release from a mental institution to which he had been committed by appropriate court action. The fact that the decree which restored his freedom also gave him control of his property and served to discharge the conservator theretofore in control is unimportant. Such a restoration of control over his property naturally would follow from the court's determination that he was competent to handle his own affairs. Expenses of this character are personal, the deduction of which is expressly denied by statute. Sec. 24(a) (1) of the Revenue Act of 1936; *David G. Joyce*, 3 B. T. A. 393. The argument, similar to petitioner's here, that expenses though personal in nature may be deducted because they incidentally advance his property interests or inure to the benefit of the business in which the taxpayer is engaged, has been uniformly rejected in analogous situations. *Lloyd* v. *Commissioner*, 55 Fed. (2d) 842; *David G. Joyce, supra; Fred S. Markham*, 39 B. T. A. 465; *Bula E. Croker*, 21 B. T. A. 240; affd., 62 Fed. (2d) 991. If some portion of the expenses could conceivably be regarded as allocable to the restoration of his property, an assumption

which we do not think is permissible, there is in the record no basis on which such an allocation could be made. *Fred S. Markham, supra.*

Moreover, it is clear that the expenditure of $163,000 could in no event be regarded as an ordinary and necessary expense of carrying on a trade or business. In *Annie Ratkowsky,* 44 B. T. A. 156, we held that expenses incurred in an incompetency proceeding were not deductible because the incompetent was not engaged in a trade or business. It is not believed that the activities of the present petitioner constituted the carrying on of a trade or business within the holding of *Higgins* v. *Commissioner,* 312 U. S. 212. The collection of interest and dividends, keeping accounts, and making limited shifts of securities from time to time in the interest of safety and returns do not constitute the carrying on of a trade or business, regardless of the amounts involved. *John C. Scully,* 44 B. T. A. 1279. Even where one is engaged in business it is necessary that the expense be both ordinary and necessary to make it allowable. *Welch* v. *Helvering,* 290 U. S. 111. In no event do we think the expenditure in question could be regarded as ordinary. *Bula E. Croker, supra.*

Petitioner's further suggestion that, in any event, the outlay of $163,000 should be added to the cost of his property as a capital expenditure is, in our opinion, equally without merit. If such an assumption was indulged we would again be confronted with the fact that the record is barren of any means of allocating this cost to the various types of property owned by petitioner. Nor is there any statutory warrant for the assertion that the expenditure is deductible as a loss whether or not petitioner was engaged in a trade or business. The deduction of losses is confined by section 23(e) to those incurred in a trade or business, in transactions entered into for profit, or arising from fire, storm, shipwreck, or other casualty. The claimed deduction obviously does not fall within any of these categories.

With respect to the amount of taxable gain realized upon the liquidation of the Hinkle Iron Co. in 1937, the parties differ only as to the March 1, 1913, value of the shares of stock. Respondent has determined a value of $203.63 per share and the burden rests on petitioner to offer evidence to overcome the correctness of this determination. He reported in his tax returns and continues here to urge a value of $210.55 per share.

Value is sought to be established by first determining the March 1, 1913, value of the assets of the Hinkle Iron Co. and then dividing that value by the number of outstanding shares. It is the value of the good will on March 1, 1913, on which the parties differ. Each party has submitted a mathematical computation which he urges proves the value contended for by him. No other evidence is before us. In our opinion the value of shares of stock is not to be proven by the submission of such computations and formulae. "The value of property on

March 1, 1913, is its *actual value* on that date, and that valuation can not be determined by any sort of theoretical computation * * *." *Rockford Malleable Iron Works*, 2 B. T. A. 817, 819; *National Packing Corporation,* 24 B. T. A. 952. "The ascertainment of value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts." *Standard Oil Co. of New Jersey* v. *Southern Pacific Co.*, 268 U. S. 146, 156. The important thing in computations of this sort is the selection of the factors to be used and they can only be determined after a careful weighing of all the surrounding facts and circumstances. In the absence of such facts, we do not feel that we are called upon to hazard a guess as to the correctness of the two computations. The determination of the Commissioner is presumably correct and we are not prepared to say that his method of arriving at his basis, as disclosed by the computation submitted by him, is incorrect. In the circumstances we sustain the value of the shares of the Hinkle Iron Co. as determined by the respondent.

*Decision will be entered for the respondent.*