Marguerite Oram v. Commissioner.
Oram v. Commissioner
Docket No. 70351.
United States Tax Court
T.C. Memo 1959-83; 1959 Tax Ct. Memo LEXIS 165; 18 T.C.M. (CCH) 395; T.C.M. (RIA) 59083; April 28, 1959
*165 Held, that legal fees paid by the petitioner to secure her release from a mental institution are personal in nature and not deductible. Held, further, that the petitioner has not shown error in respondent's disallowance of claimed deductions for 1954 of other legal fees, accounting expenses and telephone expenses. Held, further, that the respondent correctly determined that the petitioner had $15,200 of unreported income from rent in 1955. James C. Garrison, Esq., 637 Claiborne Towers, New Orleans, La., for the petitioner. Jackson L. Bailey, Esq., for the respondent. ATKINS
Memorandum Opinion ATKINS, Judge: The respondent determined deficiencies in petitioner's income tax for the years 1954 and 1955 in the respective amounts of $4,192.53 and $4,088. The principal issue as to 1954 is whether *166 attorneys' fees paid for the purpose of securing petitioner's release from a mental institution are deductible. For 1955 the issue is whether the petitioner received rental income of $15,200. All of the facts were stipulated, and the stipulation is incorporated herein by this reference. Petitioner is an individual with residence at New Orleans, Louisiana. She filed an income tax return for the taxable year 1954 with the district director of internal revenue at New Orleans, Louisiana, on the cash receipts and disbursements method of accounting. Petitioner's aunt had petitioner committed to the Terrell State Hospital for the Insane, Terrell, Texas, on March 27, 1952, and the aunt was appointed administratrix of petitioner's estate. Sometime in 1953 petitioner secured the services of two attorneys of Dallas, Texas, to seek her release from the mental institution. On December 3, 1953, after a hearing the petitioner was released by order of the County Court, Kaufman County, Texas. In connection with securing her release from the mental institution, the petitioner agreed to pay attorneys a fee of $15,000. Petitioner paid the attorneys $8,125 in 1953 and $6,875 in 1954, and deducted *167 both of such payments in her 1954 income tax return. In such return the petitioner also claimed a deduction of $395 for other attorneys' fees. In such return the petitioner reported income of $15,000 from the rental of property, $180 from the rental of a lot, and an amount of $243.09 as representing one-half of a long-term gain from the sale of a lot. She claimed a deduction of $200 for telephone expenses and $150 for accounting expenses. In the notice of deficiency for the year 1954, the respondent disallowed the $15,395 of legal fees and the $200 of telephone expenses on the ground that they were personal expenses. He disallowed the claimed deduction of $150 for accounting fees on the ground that it is not an allowable deduction in arriving at adjusted gross income. He allowed the petitioner the standard deduction of $1,000 and stated that in view thereof no deduction is allowable for accounting expense. The respondent also allowed a personal exemption of $600. Upon the basis of the record here we find no error in the respondent's determination. The legal fees paid to secure the petitioner's release from the mental institution clearly are personal expenses and hence not deductible. *168 Eugene E. Hinkle, 47 B.T.A. 670, and Joseph Lewis, 27 T.C. 158, aff'd. (C.A. 2), 253 Fed. (2d) 821. There is no contention, and no evidence indicating, that any part of these expenditures was for the production or collection of income or the management, conservation or maintenance of property held for the production of income, within the meaning of section 212 of the Internal Revenue Code of 1954. Furthermore, the portion of the attorneys' fees, namely, $8,125, which was paid in 1953, would in no event be deductible in 1954 since the petitioner was on the cash receipts and disbursements method of accounting. The respondent has held that the additional attorneys' fees of $395 constituted personal expenses, and there is nothing in the record to indicate that they were not. Nor does the record show that the $200 item for telephone expenses was not personal, as held by the respondent. The record does not contain any detail with respect to the claimed deduction of $150 for accountants' fees. There is no showing that the respondent erred in disallowing this item. For 1955 the petitioner did not file a return and the deficiency *169 is based upon respondent's determination that she received $15,200 in that year as rent. It has been stipulated that the petitioner did receive rental income in the amount of $15,200. The respondent has allowed the petitioner the standard deduction of $1,000 and a personal exemption of $600 for that year. The respondent's determination for this year is also approved. Decision will be entered for the respondent.